a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEARIEUS DUHEART #05779-095,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00647<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN MERRENDINO,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Dearieus Duheart ("Duheart"). Duheart is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Duheart challenges the computation of his sentence by the BOP.

Because Duheart failed to exhaust his claim through the administrative remedy process, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICED.

I. **Background**

Duheart was arrested on state charges on December 20, 2016. ECF No. 6 at 3. At the time, he was on state parole and federal supervised release. *Id.* In 2017, Duheart was indicted on multiple counts in the United States District Court for the Middle District of Louisiana. *United States v. Duheart*, 3:17-CR-0026 (W.D. La.), ECF No. 1. Duheart was temporarily transferred from state custody to federal

custody pursuant to a writ of habeas corpus ad prosequendum for prosecution on the federal charges. *Id.* at ECF No. 20.

Duheart was convicted of possession of marijuana with intent to distribute in the Middle District of Louisiana. *United States v. Duheart*, 3:17-CR-0026 (W.D. La.), ECF No. 172. On August 20, 2018, he was sentenced to 24 months of imprisonment. The Judgment states:

> It is ordered that the defendant's sentence run concurrent to any sentence he may receive in Docket Nos. 02-17-0566 and 02-17-0567, 19th Judicial District Court, Baton Rouge, Louisiana. It is further ordered that the defendant's sentence run consecutive to any sentence the defendant may receive for the revocation of supervision in Docket No. 11-67-BAJ-DLD, United States District Court, Middle District of Louisiana, and Docket No. 06-11-394, 19th Judicial District Court, Baton Rouge, Louisiana.

*Id.* Duheart's state parole was revoked on the same date. ECF No. 6 at 3.

On December 12, 2018, Duheart's federal term of supervised release was revoked, and he was sentenced to 20 months of imprisonment. The court ordered that the sentence be served consecutive to the 24-month sentence. *United States v. Duheart*, 3:17-CR-0067 (M.D. La.), ECF No. 65. The court also noted that Duheart had pending state charges for which he had not yet been sentenced. *Id.* Duheart was returned to state custody following his federal conviction and sentencing. *Id.*

On January 24, 2019, Duheart was sentenced to a two-year term of imprisonment in state court as well as a term of imprisonment for the state parole revocation. *Id.* Duheart was paroled from the state sentences on June 1, 2020. *Id.*

Duheart filed a grievance and a Regional Administrative Remedy Appeal. ECF No. 6 at 8. The appeal was denied on February 3, 2021. ECF No. 6 at 3.

Duheart seeks an immediate release from imprisonment due to the alleged "expiration of both terms of imprisonment and the miscalculation of the BOP's credit for prior custody." ECF No. 1-2 at 1.

## II. Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). After filing an informal resolution attempt (BP-8), a prisoner may file a formal complaint to the warden (BP-9). *See* 28 C.F.R. §§ 542.13-542.14. If an inmate is not satisfied with the Warden's response, the inmate may appeal the response to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15(a). If an inmate is dissatisfied with the regional response, the inmate may file an appeal with the Office of General Counsel in Washington, D.C. (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Exceptions to the exhaustion requirement are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation

omitted). These exceptions only apply in extraordinary circumstances, and the petitioner bears the burden of establishing his entitlement to an exception. *Id.*

Duheart's Regional Administrative Remedy Appeal was denied on February 3, 2021. ECF No. 6 at 3. The denial gave Duheart 30 days within which to see further and final review. However, USP-P did not receive the denial until March 4, 2021, and it was not provided to Duheart until March 9, 2021. ECF No. 6 at 2. Thus, the time within which to appeal to the Central Office had already expired by the time USP-P and Duheart received a copy of his appeal from the regional level. ECF No. 6 at 2-3. Duheart claims there is "no way" his appeal would have been accepted beyond the deadline. ECF No. 6 at 1. However, Duheart's allegation is conclusory.

The regulations governing administrative appeals provide that deadlines may be extended when an inmate demonstrates a valid reason for his delay. *See* 28 C.F.R. § 542.15. Valid reasons for delay include situations that prevented the inmate from submitting the request within the established time frame. *See* 28 C.F.R. §§ 542.14(b); 542.15.

Duheart could have provided evidence demonstrating that the appeal was received by USP-P and provided to him after the deadline for filing his final appeal. The Central Office should have been afforded the opportunity to determine whether to accept or reject the out-of-time appeal. "[T]he mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *Herman v. Wendt*, 3:03-CV-1204, 2004 WL 68018, at *2 (N.D. Tex. 2004), *report and recommendation adopted*, 2004 WL 557290 (N.D. Tex. Feb. 2004) (citing *Green v.*

*Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Duheart did not fully exhaust, and he cannot establish that an exception applies.

### III. Conclusion

Because Duheart has failed to completely exhaust the administrative remedy process, IT IS RECOMMENDED that his Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 14, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE